RONALD WILCOX, ESQ.   Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400

UNITED STATES BANKRUPTCY COURT

<u>NORTHERN</u> DISTRICT OF <u>CALIFORNIA</u>

In re: Nielsen, George Raymond ) Case No.  08-57272 ASW
      Nielsen, Deborah Ann )
)
         Debtors ) Chapter 13
)
_____) Judge:  Hon. A. S. Weissbrodt

**MOTION TO VALUE LIEN OF WELLS FARGO BANK, N.A.**

George Raymond Nielsen and Deborah Ann Nielsen, hereinafter "Petitioners", through their attorney, Ronald Wilcox, respectfully represent:

    1.    Petitioners filed a petition for relief on December 16, 2008.

    2.    The Petitioners own real property located at 6055 Fairhope Place, San Jose, CA 95123 ("Property).  A legal description of the property at the Office of the Recorder of Santa Clara County is annexed as Exhibit "A".

    3.    The Petitioners contend that the value of the Property is no more than $600,000.00.

    4.    The Property is encumbered by a senior lien no less than $610,225.86.

    5.    The Property is encumbered by a junior lien held by Wells Fargo Bank, N.A., recorded with the Santa Clara County Recorder on December 19, 2006 as document number 19232530.

6. Petitioners contend that, in light of the value of the Property and the amount of the senior lien, the lien of the deed of trust held by Wells Fargo Bank, N.A., is wholly unsecured and has a value of zero. (See Declaration of George and Deborah Nielsen filed herewith).

7. It is the purpose of this motion to bind any servicing agents or other parties acting for beneficiary. They are also being served with this motion. Debtors believe these are the following such parties: None

**MEMORANDUM OF POINTS AND AUTHORITIES**

Bankruptcy Rule 3012 provides:
"The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct".

Bankruptcy Code Section 506(a) provides:
"An allowed claim of a creditor secured by a lien on property in which the estate has an interest,…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,…and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim" (*In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997); *In re Maynard*, 264 B.R. 209 (9th Cir. BAP 2001); *In re Zimmer*, 313 F. 3d 1220 (9th Cir. 2002)).

The Declaration of Petitioners establishes that the Property is property of the estate and provides adequate, qualified opinion evidence as to the value of the Property. Courts applying Federal Rules of Evidence, Rule 701, have held that, "The opinion testimony of a landowner as to the value of his land is admissible without further qualification." (*United States v. 3,698.63 Acres of Land*, 416 F. 2d 65, 67 (8th Cir. 1969)). In California, owners of land are qualified to testify to the value of their land (Cal. Evidence Code Section 813).

The debt to the First Deed of Trust holder is no less than $610,225.86, which is more than the value of the property. Since the junior trust deed is wholly unsecured, the

lien should be found void and stripped as a lien on the property. Said lien should be treated as an unsecured claim as it is not a purchase money obligation.

WHEREFORE, the Petitioners pray for an order:

(1) That service was proper;

(2) Valuing the Property at $600,000.00 as of the date of the filing of the Petition;

(3) Valuing the lien of Wells Fargo Bank, N.A., at zero for purposes of the Petitioners' Chapter 13 Plan and further determining that Wells Fargo Bank, N.A.'s Lien is entirely, permanently, and for all other purposes void and unenforceable conditioned only on the Petitioners completing all payments required under their Chapter 13 Plan and the Petitioners' receipt of a Chapter 13 discharge.

(4) Finding that the junior deed of trust held by Wells Fargo Bank, N.A. is void, unenforceable and of no further force or effect;

(5) Finding that the Order be binding on any successors or assigns Wells Fargo Bank, N.A.;

(6) Upon receipt of the Petitioners' Chapter 13 discharge; Petitioners shall record the Order to value the lien and the discharge with the County Recorder's Office; and

(7) For such other and further relief as the Court deems just and proper.

Dated: 6/30/2015                    Respectfully Submitted,

                                    /s/ Ronald Wilcox
                                    RONALD WILCOX
                                    COUNSEL FOR DEBTORS