RONALD WILCOX, ESQ.   Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: Nielsen, George Raymond      ) Case No.  08-57272 ASW
   Nielsen, Deborah Ann            )
             )
     Debtors             ) Chapter 13
             )
_____) Judge:  Hon. A. S. Weissbrodt

**DECLARATION OF GEORGE RAYMOND NIELSEN AND DEBORAH ANN NIELSEN IN SUPPORT OF MOTION TO VALUE LIEN OF WELLS FARGO BANK, N.A.**

We, George Raymond Nielsen and Deborah Ann Nielsen declare:

We are the Debtors in the above-entitled case. The matters set forth herein are based upon our personal knowledge, except as to those matters based upon information and belief, and as to those matters we believe to be true, and if called as witnesses we could competently testify thereto. In support of the Motion to Value Lien of Wells Fargo Bank, N.A., we declare the following:

1. We are on title to our residence located at 6055 Fairhope Place, San Jose, CA 95123 and this is our primary residence. A legal description of the property at the Office of the Recorder of Santa Clara County is attached to the accompanying declaration as **Exhibit A**.

2. Our residence is presently encumbered with a senior deed of trust held by Ocwen Loan Servicing, for which we understand it filed a Proof of Claim for in the amount of $618,948.43. **Exhibit B**.

3. In addition, the property is also encumbered with a junior deed of trust, held by Wells Fargo Bank, N.A. in the amount of $140,087.50. A copy of the Short Form Deed of Trust and Promissory Note is attached as **Exhibit C**.

4. The Deed Of Trust held by Wells Fargo Bank, N.A., was recorded with the County of Santa Clara on December 19, 2006, as document number 19232530.

5. That based upon our opinion of the property's fair market value, and based upon inspection and opinion of the value of comparable homes on or about the date of filing the petition, the property's value was $600,000.00. Our opinion is offered in our capacity as the owners of the property who are familiar with property values in our area. A copy of Schedule A as filed in our case is attached as **Exhibit D**.

6. The value of the property ($600,000.00) less the value of the first deed of trust ($618,948.43) is a negative value of at least $18,948.43. Therefore, the value of the security held as collateral for the junior deed of trust by Wells Fargo Bank, N.A. is $0.00.

7. That based on the foregoing, the claim of Wells Fargo Bank, N.A. for its junior deed of trust should be treated as a general unsecured claim since it is not a purchase money obligation and that its secured claim for its junior deed of trust shall be $0.00.

We declare under penalty of perjury under the laws of the United States of America and of the State of California that we have personal knowledge of the foregoing, that the foregoing is true and correct to the best of our knowledge, and that if called as witnesses could competently testify thereto.

Executed June 26/2015, in San Jose, California

/s/George R. Nielsen
George R. Nielsen, Debtor

/s/Deborah A. Nielsen
Deborah A. Nielsen, Debtor