DEVIN DERHAM-BURK, ESQ. #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE, ESQ. #256514
NANETTE DUMAS, ESQ. #148261
JANE Z. BOHRER, ESQ. #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013
TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>GEORGE RAYMOND NIELSEN and DEBORAH ANN NIELSEN,<br><br>Debtors. | CHAPTER 13 CASE NO. 08-57272 MEH<br><br>TRUSTEE'S OPPOSITION TO MOTION TO VALUE LIEN OF WELLS FARGO BANK, N.A., AND REQUEST FOR HEARING<br>(with attached Certificate of Service)<br><br>Hearing Date: To be set<br>Hearing Time: To be set<br>Judge: Hon. M. Elaine Hammond |

Devin Derham-Burk, Chapter 13 Standing Trustee (the "Trustee"), hereby opposes the Motion To Value Lien Of Wells Fargo Bank, N.A. (the "Motion To Value") filed by the above-captioned debtors (the "Debtors") on July 1, 2015 [Docket #88]. Further, the Trustee requests the Debtors to set a hearing on the Motion To Value.

I. FACTUAL BACKGROUND

This case was filed as a chapter 7 case on December 16, 2008. On the Debtors' original Schedule A, which has not been amended, the Debtors valued their residence, located at 6055 Fairhope Place, San Jose, California (the "Residence"), at $600,000. On Schedule D, which has

also not been amended, the Debtors scheduled the claim of the holder of the first deed of trust (which at that time was Downey Savings) at $610,225.86, and the claim of Wells Fargo Services, the holder of a junior lien on the Residence, at $140,000.

The case was converted to chapter 13 on April 24, 2009.

On June 5, 2009, Ocwen Loan Servicing ("Ocwen") timely filed secured proof of claim #7-1 in the amount of $618,948.43, in which the Residence was identified as the property securing Ocwen's senior deed of trust.

On June 24, 2009 Wells Fargo Bank, N.A. ("Wells Fargo") timely filed secured proof of claim #8-1 in the amount of $140,087.50 for a home equity line of credit, in which the Residence was identified as the property securing the Wells Fargo claim. The Wells Fargo proof of claim was signed by Jacob France, Bankruptcy Representative.

The Debtors filed a First Amended Chapter 13 Plan on June 18, 2009 [Docket #34] (the "Plan"). The Plan provided that property of the bankruptcy estate would revest in the Debtors upon plan confirmation. Plan ¶ 7. The Plan further provided that the Debtors intended to file an adversary proceeding or motion to avoid the second deed of trust of Wells Fargo. Plan, ¶ 8. The Order Confirming Plan was entered on August 20, 2009 [Docket #43].

On June 2, 2010 the Debtors obtained an Order Granting Motion To Permit Petitioners To Modify The Loan With Ocwen Loan Servicing, LLC [Docket #55]. On June 21, 2010, Ocwen filed amended proof of claim #7-2, in which it reduced its secured claim from $618,948.43 to $526,192.16. Thereafter, on November 16, 2011, Ocwen filed amended proof of claim #7-3, in which it changed the secured claim amount to $527,173.91.

The Debtors filed an amended objection to the claim of Ocwen on August 4, 2014 [Docket #79], to which they attached a copy of Ocwen's amended proof of claim in the amount

of $527,173.91. (An Order On Amended Objection To Claim was entered on October 2, 2014 [Docket #82].)

The Debtors completed their plan payments on May 14, 2015 with a final payment of $3,650. Thereafter, the Debtors submitted their respective certifications in support of discharge on May 19, 2015 [Docket ##85, 86].

No adversary proceedings, motions to value property or avoid liens, or motions to modify the plan were filed by the Debtors prior to the May 14, 2015 completion date.

On July 1, 2015, seven weeks after plan completion, the Debtors filed the Motion To Value. Instead of attaching the amended proof of claim of Ocwen in the amount of $527,173.91 to their declaration in support of the Motion To Value, the Debtors attached Ocwen's original proof of claim in the amount of $618,948.43.

The Debtors did not serve the Motion To Value by certified mail on an officer of Wells Fargo.

## II. LEGAL ARGUMENT

A. The Residence Re-Vested In The Debtors Upon Plan Confirmation And Therefore It Is Not Property Of The Estate.

§ 1327(b) of the Bankruptcy Code provides that "[e]xcept as provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b) (AWHFY, L.P. 2015). In In re Jones, 657 F. 3d 921 (9th Cir. 2011), the Ninth Circuit clarified that upon confirmation debtors become the owners of their revested property:

> In sum, we hold that under the plain language of § 1327(b), the property of the estate revests in the debtor upon plan confirmation, unless the debtor elects otherwise in the plan. Because [the debtor] did not elect otherwise, she once again became the owner of her property at confirmation, except as to those sums specifically dedicated to fulfillment of the plan.

657 F. 3d at 928.

The Debtors' confirmed Plan provided for revesting of estate property upon confirmation (Plan ¶ 7). Consequently, as of August 20, 2009, the date of the entry of the confirmation order, the Residence was no longer property of the bankruptcy estate. Therefore, the Motion To Value must be denied based on lack of subject matter jurisdiction. See In re Jones at 927-28.

B.  The Debtors' Plan Is Not Subject To Modification.

Assuming for the sake of argument that confirmed plans may be modified to alter provisions involving the vesting of estate property, the Debtors in this case are nonethless precluded from modifying their Plan, because they have already completed their Plan payments.

§ 1329(a) of the Code provides in pertinent part:

> At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified . . .

11 U.S.C. § 1329(a) (AWHFY 2015) (emphasis added).

In this case, because the final payment of the Debtors' Plan was made on May 14, 2015, the Debtors may no longer modify the Plan for any purpose. Therefore, the revesting of the Residence in the Debtors upon Plan confirmation is permanent.

C.  The Junior Lien Of Wells Fargo Is No Longer Wholly Unsecured.

In 2008, the Debtors valued the Residence at $600,000 in their schedules. Based on that value, the Debtors scheduled the first deed of trust as partially unsecured and Wells Fargo's junior lien as wholly unsecured. However, when the Debtors filed their amended objection to the claim of Ocwen on August 4, 2014 [Docket #79], they attached a copy of Ocwen's amended proof of claim in the amount of $527,173.91. Even if the original $600,000

value of the Residence was fixed upon the date of filing, the substantial reduction of the amount of Ocwen's secured claim has created an equity cushion for Ocwen that also secures the junior lien of Wells Fargo, at least in part. Notably, however, the Debtors attached Ocwen's <u>original</u> proof of claim in the amount of $618,948.43 to their declaration in support of the Motion To Value filed on July 1, 2015, to support the argument that the Wells Fargo lien should be treated as wholly unsecured.

Such a result would be fundamentally unfair even if the Residence had not revested in the Debtors upon confirmation, and even if the Plan payments had not been completed on May 14, 2015. Six years have elapsed since the Debtors' Plan was confirmed. During that time the Debtors have modified and continued to pay down the Ocwen loan while the Residence has appreciated in value.

In <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324, 331 (1993), the Supreme Court held that 11 U.S.C. § 1322(b)(2) prohibits the confirmation of a plan that modifies the rights of a holder of a claim secured by the debtor's principal residence, so bifurcation of the debt on a debtor's principal residence into partially secured and partially unsecured components is not permitted at confirmation. By extension, the Debtor's post-confirmation attempt to strip a junior lien that is partially or perhaps even wholly secured by the Residence should be denied.

D.   <u>Wells Fargo Was Not Properly Served With The Motion To Value</u>.

Wells Fargo has not appeared in this case through counsel. The Wells Fargo proof of claim filed in June 2009 was signed by a "Bankruptcy Representative." Fed. R. Bankr. P. 7004(h) requires that service on an insured depository institution in a contested matter or adversary proceeding must be made to an officer of the institution by certified mail unless

certain conditions are met, none of which are applicable here.  According to the proof of service for the Motion To Value filed July 1, 2015 [Docket #92], no officer of Wells Fargo was served, and service was by first class U.S. mail.  Therefore, service of the Motion To Value was improper.

### E. CONCLUSION

Based on the foregoing, the Trustee requests the Court not to enter an order granting the Motion To Value by default, and further requests the Debtors to either withdraw the Motion To Value or to set this matter for hearing.

Respectfully submitted,

Dated:  July 22, 2015              /s/ Nanette Dumas
Attorney for Devin Derham-Burk,
Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL
## [B.R. 7005, F.R.C.P. 5, B.L.R. 9013-3(c)]

I am not less than 18 years of age and not a party to the within case. My business address is 983 University Avenue, Los Gatos, California. I am familiar with the processing of correspondence for mailing with the United States Postal Service. Correspondence placed in the internal mail collection system at the Office of Devin Derham-Burk, Chapter 13 Standing Trustee is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. On July 22, 2015 a true and accurate photo-copy of the following described document,

**TRUSTEE'S OPPOSITION TO MOTION TO VALUE LIEN OF WELLS FARGO BANK, N.A., AND REQUEST FOR HEARING**

was placed for service, in the Trustee's internal mail collection system, in a sealed envelope to be delivered by mail with the United States Postal Service with postage prepaid, postage addressed as follows:

| DEBTORS | COUNSEL FOR DEBTORS |
|---|---|
| **George Raymond Nielsen** **Deborah Ann Nielsen** 6055 Fairhope Place San Jose, CA 95123 | **Ronald Wilcox, Esq.** Law Offices of Ronald Wilcox 1900 The Alameda #530 San Jose, CA 95126 |

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct and that this declaration was executed on July 22, 2015 at Los Gatos, California.

/s/ Nanette Dumas