RONALD WILCOX, ESQ.   Bar No. 176601
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: Nielsen, George Raymond ) Case No.  08-57272 MEH
      Nielsen, Deborah Ann )
) Chapter 13
          Debtors ) Hearing: October 8, 2015, 9:30 a.m.
)
) Judge:  HON. M. ELAINE HAMMOND

**RESPONSE TO ORDER SETTING ON MOTION TO VALUE**

In its Order Setting Hearing on Motion to Value the Court stated the Debtors should be prepared to address (1) whether the requested relief can be granted post-confirmation after the subject real property revested in the debtors upon confirmation and the debtors have completed all plan payments required under the plan, and (2) whether the lien can be avoided in light of the senior lien holder's reduced claim amount, which appears to leave equity for the junior lien to attach.

As to the latter, it appears the Court may have been misled by an incorrect Amended Proof of Claim, which can be readily explained. Ocwen Loan Servicing's original Proof of Claim stated it was owed $618,948.43 on the first mortgage. Following a loan modification, its Amended Proof of Claim stated it was owed $527,173.91 (giving the appearance the debt on the first mortgage was below the value of the $600,000 home).  However, the Amended Proof of Claim failed to explain that Ocwen did *not* lower the principal balance; indeed, it just deferred the principal balance, leaving a new principal balance of $638,587.17 (see fully executed loan

**RESPONSE TO ORDER SETTING ON MOTION TO VALUE**     1

Case: 08-57272    Doc# 103    Filed: 10/06/15    Entered: 10/06/15 09:01:03    Page 1 of 3

modification, Page 2, ¶3(B)).  **Exhibit 1**.  Thus, the amount of the debt on the first mortgage still exceeded the value of the home as of the date of the petition, leaving no equity for the junior lien to attach.

As to the other issue, the U.S. Bankruptcy Court retained related to jurisdiction to handle the motion to value the lien.  As is required, notice was provided to all creditors and the Trustee (in the debtors' Chapter 13 plan) of the debtors' intent to avoid the lien, and the Court retained authority to act on the lien stripping motions, even after discharge (in both delayed and revested cases).   The confirmed plan specifically provided for the very relief being requested (see ¶8 of Judge Weissbrodt's confirmed Amended Plan):[1]

> DEBTORS INTEND TO FILE AN ADVERSARY PROCEEDING OR MOTION TO AVOID THE SECOND DEED OF TRUST OF WELLS FARGO SERVICES…THIS SECOND DEED OF TRUST IS WHOLLY UNSECURED IN THAT THE VALUE OF THE DEBTOR'S PROPERTY AT 6055 FAIRHOPE PLACE, SAN JOSE, CA is $600,000 WHICH IS LESS THAN THE BALANCE OF THE FIRST DEED OF TRUST.  THE TRUSTEE SHALL MAKE DISBURSEMENTS TO THE CREDITOR PURSUAN TO SECTION 2(d).

The Chapter 13 Trustee's office paid Wells Fargo as unsecured creditor pursuant to the plan.  This has been the local practice for years.   This is not an issue where the court does not have subject matter jurisdiction.  Indeed, the Debtors are simply seeking to implement a provision from a confirmed Chapter 13 plan, to value and avoid a lien.

Moreover, for years the mandated court procedure established by the Northern District Bankruptcy Judges has specifically required debtors to submit a Request for Judgment after discharge, whether vesting was delayed or not.  Thus, the court procedure which debtors are directed to utilize in regard to lien stripping, on its face, requires a debtor to submit a Request for

---

[1] See *Valley Health Sys. Ret. Plan v. Kirton (In re Valley Health Sys.)*, 584 Fed. Appx. 477 (9th Cir., August 7, 2014).

**RESPONSE TO ORDER SETTING ON MOTION TO VALUE**　　2
Case: 08-57272    Doc# 103    Filed: 10/06/15    Entered: 10/06/15 09:01:03    Page 2 of 3

Judgment *after discharge*, when the property would have revested in the debtors regardless of the vesting selection made by the debtors in the chapter 13 plan. And indeed, hundreds or thousands of successful chapter 13 plans with lien-strip provisions, throughout the entire Northern District, have been handled that way. It goes without saying the Bankruptcy Court had jurisdiction to enter those thousands of judgments. Similarly, the debtors need not modify the plan since, since the confirmed plan already stated their intent to strip the lien.

Respectfully submitted,

/s/Ronald Wilcox
Ronald Wilcox
Attorney for Debtors